Hallett and Walker v. O'Brien.

## HALLETT AND WALKER v. O'BRIEN.

1. A man's voluntary affidavit, is evidence against him, as an admission of the facts stated therein.

2. The deposition which is taken and read by a party on one trial, is evidence when used by to the opposite party on a subsequent trial of the same cause. But it will not conclude the party against whom it is offered, and he may show by the witness giving the deposition, that he was mistaken in the facts it narrates; and perhaps may prove by other evidence, the truth in regard to the facts deposed to.

3. *Semble*—That letters or other writings which have been used on one trial by one party, may be read as evidence on a subsequent trial of the cause by the opposite party; on the ground that he who first offered them, had admitted their contents to be true.

4. The mere *filing* of a deposition does not license the party against whom it was taken, to read it as an *admission* to the jury; and it can only be used if it be legal evidence in itself.

THE defendant in error declared against the plaintiff's in the county court of Mobile, for work and labour done, for goods, wares and merchandise sold and delivered, for money lent and
74

advanced, paid, laid out and expended, for money had and received, and on an account stated.

The record informs us that the case was tried on an issue of fact, and that a verdict was thereupon rendered, but it no where appears what the pleas were.

On the trial the presiding judge sealed a bill of exceptions, which is as follows, "after the plaintiffs evidence was closed, the defendants offered in their behalf, William Kitchen, a witness who was sworn and examined, and gave his evidence to the jury. The plaintiff then offered to read as evidence, an affidavit made by said Kitchen, with a diagram attached, which is hereto annexed, the affidavit having been filed at a previous term, on an application made for a new trial. The defendants called upon the plaintiffs counsel, to state the object for which it was offered; to which he replied it was as evidence in the cause—the defendants objected to it as evidence, unless it was to impeach the credibility of said Kitchen as a witness: the plaintiffs counsel disclaimed the intention to impeach the witness, and insisted on his right to read the deposition as evidence generally—which was objected to, but the court overruled the objection, and the paper was read to the jury, with the diagram as evidence in the cause generally—to which the defendants excepted, and pray this to be sealed as a bill of exceptions, which is done accordingly," &c.

It is not expressly stated in the record, at whose instance the affidavit of Kitchen was filed on the application for a new trial, though the matter of it is such as leaves no doubt, that if, by either party, it must have been the plaintiffs in error. It is in regard to the filling up of a water lot in the city of Mobile, by the defendant, and details conversations between him and the plaintiffs' testator, tending to show that the testator had agreed with another person to fill up the lot, and had fully paid him for the same, and that, that other person had agreed with the defendant to do the work. The diagram attached, is calculated to show the locality of the lot, the work done, and the work agreed to be done.

A verdict and judgment having been rendered in favor of the plaintiff, a writ of error has been sued to this court, in order to revise the same.

STEWART, for the plaintiff.
J. A. CAMPBELL, contra.

COLLIER, C. J.—By rule XXII for the regulation of practice in the circuit and county courts, it is provided that "Reasons in arrest of judgment, and reasons for a new trial, and the affidavits in support thereof, if any are relied on, shall be filed with the clerk, and notice thereof be given to the adverse party one day before the argument. If the cause is tried on the last day of the term, the notice shall be given when the motion is entered. The party making such motion, is entitled to the opening and conclusion of the argument," &c. [1 Stewart's Rep. 616]

The filing of an affidavit, and the reading and relying on it before the court on an application for a new trial, are not the same thing, but are distinct steps under the rule—the one preceding the other. We are informed by the bill of exceptions, that the affidavit of Kitchens was filed, but it is entirely silent as to the fact, whether it was seen by the court, or in any manner influenced its judgment in deciding upon the motion. Now it may be, and doubtless is true, that Kitchen's affidavit was filed, yet it by no means follows, that it was relied on before the court, or that the court did not grant a new trial, under the conviction that the verdict of the jury was unauthorized by the evidence before them.

We must then consider the question presented by the bill of exceptions, upon the hypothesis that the proof to the county court, went *only* so far as to show that the affidavit was filed; and in this view, we are to inquire whether it could be read by the defendant in error as an admission of the plaintiffs.

A man's voluntary affidavit is evidence against him, as an admission of the facts stated in it. (1 Saund. on Pl. and Ev. 41.) So is the deposition of a witness which is taken and read by a

party on one trial, evidence of the facts it contains, when used by the opposite party, on a subsequent trial of the same cause. Such evidence, as an admission, cannot conclude the party against whom it is offered, but he may show by the witness giving the deposition, wherein he was mistaken, and may perhaps show, by other competent evidence, the truth in regard to the facts deposed to. And it has been held that letters or other writings, which have been used on one trial, by one party, may be read as evidence on a subsequent trial of the cause, by the opposite party, on the ground that he who first offered them, had admitted their contents to be true. In considering this doctrine in Maclay's lessee v. Work *et al*; (1 Serg't. and Rawle's Rep. 194.) the supreme court of Pennsylvania, say that they can " see no reason why the affirmation of a fact in a judicial proceeding, should not also be evidence of such fact, against the party affirming its existence. An allegation of a particular fact is an express admission of its existence, for we cannot suppose the party would have insisted on it, unless under a belief that what he alledged was true; and if he acted with bad faith, he ought to take the consequences." And in Hovey v. Hovey, (9 Mass. Rep. 216,) it was held that one party cannot use as evidence his own deposition, which had been taken in another action by the party against whom it is proposed to read it; for it cannot be inferred, from his procuring it, that he thereby admits its truth. This case is cited to show that the mere taking and filing an affidavit, does not amount to an affirmation of its truth, but in order to give to it this effect, it should have been used as evidence by the party taking it; and even in that particular case, it would not have been evidence: (Martin v. Root; 17 Mass. Rep. 222.)

So it has been adjudged that the case prepared after the trial, as the ground of a motion for a new trial, or a bill of exceptions, which embodies facts, is not evidence on an after trial of the same cause. The latter might be used to discredit a witness used on the second trial: (Etting v. Scott; 2 Johns. Rep. 157: Harrison's devisees v. Baker; 5 Litt. Rep. 250: Bailor v.

Smither's; 1 Monroe's Rep. 6.) But it has been questioned whether such evidence is admissible, even to discredit a witness; or whether it should not be regarded as insufficient for any purpose, unless tho admission of some fact contained in it, be made the condition of a new trial: (3 vol. of Cowen's Phil. Ev. 182—197.)

Our conclusion on the point is, that where a paper or deposition is read as evidence to the jury, the party using it thus, admits it to be proper evidence; and it may be used on a subsequent trial of the same cause, by the opposite party; but the mere filing of a deposition, does not license the party against whom it was taken, to read it as an admission to the jury; and it can only be used if it be legal evidence in itself. The party taking the deposition, may have discovered that it was inadmissible for him, or that the facts it proved, were unfavorable to his interest, or were in themselves, false. Under such circumstances, he could not, in justice, be charged with having made an admission of its truth.

In the case before us, as it is unnecessary, we do not decide whether, or how far, affidavits used to obtain a new trial, are admissible as evidence on a subsequent trial of the same cause. But we are satisfied that affidavits merely filed for that purpose, but which are not laid before the court to influence its decision, are clearly inadmissible as evidence *generally*, and can only be used for the purpose of discrediting the witness; the more especially, where the affiant appears in court, and submits to an examination as a witness.

This view is decisive to show that the county court erred in the matter excepted to; its judgment is consequently reversed, and the case remanded.