## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

### AT TALBOTTON,

### JANUARY TERM, 1850.

No. 9.—WILLIAM A. MAXWELL, plaintiff in error, *vs.* CHARLES T. HARRISON, defendant.

[1.] The true criterion for determining whether an amendment is admissible, is this: whether the amendment is of another cause of controversy, or whether it is the same contract, or injury, and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint, and with the proof and the merits of his case.

[2.] The plaintiff cannot introduce an entirely new cause of action; but if he adhere to the original cause of action, he may add a count substantially different from the declaration.

[3.] In action of trover against one, charging him, *as trustee,* &c. the plaintiff may amend, by striking out the words, *as trustee,* &c.

[4.] The declarations of a party, while in possession of property, as to the ownership, when it was against his interest to make them, may be given in evidence against one who subsequently acquires a title from the declarant.

[5.] The admissions of a party, made under oath as a witness, or in a voluntary affidavit, may be given in evidence against him, in a suit in which he is a party.

[6.] Possession of property, with a claim of title adverse to that of the true owner, is sufficient evidence of conversion.

[7.] It is error in the Court to charge the Jury, that a remainder in slaves, to take effect and be enjoyed after a life estate, may be created by parol.

Maxwell *vs.* Harrison.

Trover, &c. in Lee Superior Court. Tried before Judge WARREN, May Term, 1849.

Charles T. Harrison brought an action of trover, &c. in Lee Superior Court, for a negro girl, Caroline, against William A. Maxwell, "as trustee for Catharine Bozeman." When the cause was called for trial, at May Term, 1849, plaintiff's counsel moved to strike out the words "as trustee for Catharine Bozeman," wherever they occurred in the petition, so that the cause might proceed against the defendant, individually. No notice had been given to defendant of the motion to amend. The Court sustained the motion, and defendant, by his counsel, excepted.

Both parties having announced themselves ready, the cause was submitted to a Jury.

Both parties claimed title under Mrs. Sarah Cain. Harrison under an alledged parol gift in 1843, and the defendant under a voluntary deed to him, in trust for Catharine Bozeman, made in 1846. Charles T. Harrison was the son of Mrs. Cain, by a former marriage, and Catharine Bozeman was her daughter by her last husband, John Cain. In the year 1843, Mrs. Sarah Cain went to live with Harrison, and carried the negro girl, Caroline, with her. They both remained there during the years 1843 and 1844. After that time, Mrs. Cain lived a portion of her time with each of her children, and generally carried the negro with her. Mrs. Cain died at Bozeman's, in 1846.

Plaintiff (Harrison,) proposed to prove, by several witnesses, the sayings of Mrs. Sarah Cain, during the time she lived with Harrison, by which she acknowledged that the negro girl, Caroline, "belonged" to him, and that she "had given her to him;" and also her sayings to the same effect after 1844, and while the negro was waiting upon her. To all which evidence the counsel for defendant objected, on the ground that these sayings of Mrs. Cain should not go to the Jury against the defendant—the title being out of Mrs. Cain, as the declarations themselves show, and consequently they were not against the interest of the declarant, and more particularly while she lived at Harrison's, as the negro was then proven to be in the possession of Harrison. The Court overruled the objection, and the defendant excepted.

Plaintiff proposed to prove by Sarah Hobbs, examined by interrogatory, that "she never heard of any person claiming said

girl, during the time that he (Harrison) was in possession of her, and exercised the ownership." Defendant objected that this was a conclusion from facts; and could not be proven by the witness. The Court overruled the objection, and defendant excepted.

Plaintiff below (Harrison,) proposed to prove by David Spence, "that he was present at the trial of a possessory warrant against Bozeman, the husband of Mrs. B., for this negro, before the commencement of the suit—heard defendant admit, in his testimony as a witness, on that occasion, that he had the right of possession to the negro, and the right to control her, as the trustee of Mrs. Bozeman, and heard him declare, in reply to a question from the presiding Justice, that he would not give up the negro, if the Court gave the possession to plaintiff, because Bozeman had no right to the negro—that these admissions were made for the purposes of that trial." To the admission of this testimony defendant objected, on the ground that the proper proof of such a trial, and the parties to it, was the possessory warrant itself, or the evidence of the presiding Justice, and defendant had a right to restrict his admissions to that trial; which objection was overruled by the Court, and defendant excepted.

Plaintiff below proposed to prove by Hiram Watts, he not being a physician, his opinion as to the soundness of Mrs. Sarah Cain's mind; defendant objected, and the Court overruling the objection, defendant excepted. The witness swore " that, in his opinion, from what he saw of her and heard her say, that she was not, at all times, in her sound mind—being some 75 or 80 years old. In a conversation he had with her on one occasion, at the house of plaintiff, Mrs. Cain would repeat the same thing over and over again, and would vary her statements of the same circumstances—complained of the treatment she had received from her children." " Mrs. Cain told the witness, on one occasion, that Caroline was to be Harrison's at her death, or she would give him the negro when she died—does not recollect which."

The plaintiff below having closed his case, defendant moved the Court for a non-suit—

1st. Because plaintiff had shown no property in himself.

2d. Because he had shown no conversion by Maxwell, the defendant, or that the negro had ever been in his possession, or under his dominion.

The Court overruled the motion, and defendant excepted.

The defendant introduced the trust deed made to him by Mrs. Cain, and proved, by the subscribing witnesses, that she was in her right mind at the time of its execution. It was in evidence, that the negro was with Mrs. Cain at the time of her death, and remained at Bozeman's after that time—Maxwell claiming the right to control her, as trustee.

The Court charged the Jury, that "the declarations of Mrs. Cain, while in possession of the property, that the title was in Harrison—she having given it to him—were proper evidence for their consideration; and if it convinced them of the title of the plaintiff, they should so find. The conversion may be proved by proof of demand and refusal; though this is not, of itself, conversion, but evidence of conversion. Conversion may be proved or inferred, by proof of acts of defendant, evidencing ownership while title is in plaintiff. When defendant claims title to possession and control of the property, against the right of plaintiff, those acts of ownership are usually proven by possession and use of the property, but may be proved by the declarations of the defendant himself."

"The Statute of 19th December, 1838, declaring parol gifts of slaves not to be good, and available at Law and in Equity, against purchasers from the donor, without notice, in the opinion of the Court, does not apply to such purchasers as defendant appears to be here, and applies only to purchasers for a valuable consideration, and not to volunteers or donees, as in this case."

The Court farther charged the Jury as follows : "I am requested to charge you, that possession must have accompanied the gift. This is the law. The word gift includes change of possession, and the possession and dominion accompany the gift presently, unless the terms of the gift limit the time when the possession in the donee is to commence : then it is not necessary. A may give personal property, by parol, to B—passing the title presently, and limiting the possession to C for life; and the gift to B is good. And so A may give property, by parol, to B— the title to pass immediately, but limit the possession of B till after the donor's death—the donor retaining possession, and using the property himself, till that time. And if such was the fact in the present case, the gift to Harrison was good, notwithstanding the subsequent conveyance to defendant, in trust, for Mrs. Bozeman—it not being competent for Mrs. Cain to revoke the gift."

To which several charges, the defendant excepted.

And upon these several exceptions, error has been assigned.

Lyon, for plaintiff in error.

E. R. Brown, for defendant.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] Was the amendment moved for by the plaintiff allowable? We think it was. The true criterion for determining whether an amendment is admissible, we take to be this—whether the amendment proposed is another cause of controversy, or whether it is the same contract or injury, and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint, and with his proof, and the merits of his case?

[2.] For, while the plaintiff cannot introduce an entirely new cause of action, he may, nevertheless, add a new count, substantially different from the declaration, provided he adheres to the original cause of action. Accordingly, it has been held that, in an action for a legacy against one charged as *executor*, the plaintiff may amend, by charging him as *devisee. Leighton vs. Leighton,* 1 *Mass. R.* 433.

[3.] Here, it is proposed to strike out the words "as trustee, &c." wherever they are added to the name of the defendant, so as to let the suit stand against him individually; and we can see no objection to it. Trover will not lie against a *trustee,* as such; for no one can commit a *tort* in his representative or fiduciary character. He may defend, however, under his title as trustee, whether sued in that capacity or not. Had the defendant made it appear that he was surprised on account of the amendment, the Court would have continued the case, at the instance of the amending party.

[4.] Were the declarations of Mrs. Cain, the former owner, and from whom both plaintiff and defendant derive title, good, as to whom Caroline belonged, made before she conveyed the girl to Maxwell, for the use of Mrs. Bozeman? The testimony is contradictory as to the possession of the negro, when these declarations were made. Some of the witnesses testify that she was

in the possession of Harrison, the plaintiff; others, that she remained with Mrs. Cain all the while, and until her death. All agree, however, that the declarations were made before the deed of gift was executed to Maxwell; and inasmuch as he took a conveyance from Mrs. Cain, *subsequent* to these admissions, he, it would seem, would be estopped from denying property in the declarant. If, then, they were made when it was against her interest, and before the adverse title accrued, they would be competent evidence. *Wright*, 441. 4 *Ala.* 40. 4 *Dev. & Batt.* 117. 4 *Miss.* 8. 5 *Miss.* 28. 2 *Spear*, 75. 1 *Dev.* 3. *Jones vs. Dabbs, Geo. Dec. part* 1, 44. In this last case, the Court held, that where property levied on by execution, is claimed by a third person, the declaration of the defendant in execution, prior to his being defendant, may be given in evidence, to sustain the claimant's title—such declarations being presumptively against his interest. It will be perceived, that this is not in conflict with the decision of this Court, as to the sayings of the defendant, after the relation of plaintiff and defendant has been created.

It is certainly true, that the ownership of property is a conclusion of law, from the evidence. But the testimony objected to was, that the witness never heard any other person than Harrison claim the negro Caroline, while he had her in possession, and exercised the ownership. The object of the proof was, the negation of any adverse claim, at or during a particular period, viz. while the plaintiff had her in possession, using her as his own.

[5.] Harrison having sued out a possessory warrant, under the statute, against Bozeman, Maxwell was called on to testify on the trial. He stated that he, and not Bozeman, had the right to control Caroline; and that he would not give her up to Harrison, although the decision might be in his favor. This testimony was objected to, upon the ground, that the warrant should be produced, and the evidence of the presiding Magistrate; and for the additional reason, that these admissions of Maxwell were made for the purposes of that proceeding alone, and that it was not competent to use them for any other purpose. We apprehend that, in order to prove what a witness swore to on a particular trial, it is not necessary to produce the record of the case. The evidence sought to be adduced, is *de hors* the record; and moreover, that it is not competent for a witness to limit or restrict his testimony to the particular trial, for which it is offered. He is

bound, by the obligations of his oath, to tell *the truth.* And that his evidence, thus elicited, in a judicial proceeding, or even in a *voluntary affidavit,* may be used as evidence against him, as an admission of the facts contained therein, is well settled, by all the authorities.  1 *Ala. Rep.* 585.   4 *Dev. & Batt.* 124.   10 *Shep.* 69.   And even the admissions of trustees, holding the legal title to property, and who are never *presumed* to make admissions adverse to the interests of those for whom they act, are competent evidence.   3 *Hemph.* 472.

We see no objection to the testimony of Watts, as to the sanity of Mrs. Cain ; his opinion being accompanied, as it is, with the reasons upon which it is founded.   It comes fully within the rule laid down by this Court, in *Potts vs. House,* 6 *Geo. Rep.* 324.

[6.] Two grounds were occupied in the motion for a non-suit. 1st.  That the plaintiff had shown no property in himself.  2dly. That he had proven no conversion by Maxwell.

Several of the witnesses testified to the acknowledgments of Mrs. Cain—that she had given the girl to Harrison—that she belonged to him—and that the donor had parted with the possession and dominion of the slave.   This was certainly enough to carry the case to the Jury.   As to what constitutes a conversion, this Court has repeatedly held, that possession, with a claim of title adverse to that of the true owner, is sufficient; and this is undoubtedly the doctrine of the books.  2 *Dev.* 130.   1 *McCord,* 504.   1 *N. & M.* 592.   1 *Bailey,* 546.   7 *Johns.* 254.   10 *Ib.* 172.   5 *Cowen,* 323.   The declarations, therefore, of Maxwell, on the trial of the possessory warrant, that he had the right to control the slave, and that he would not give her up, even if possession was awarded by the Court to Harrison, amounts to a conversion in law.   And as it respects the possession, it was clearly in Maxwell, as trustee.   The possession of Mrs. Bozeman, the *cestui que trust,* was permissive only, and was, in fact, his possession.

[7.] The Court, in its charge to the Jury, toward the conclusion, assumes the law to be, that a remainder in slaves, to take effect and be enjoyed after a life estate, may be created by parol; whereas, the very contrary was ruled by this Court, in *Kirkpatrick vs. Davidson,* 2 *Kelly,* 297.   And as there was evidence to support this charge, and the misdirection may have controlled the verdict of the Jury, we are compelled, reluctantly, to remand this cause for a new trial—upon this ground alone—affirming

the judgment upon all the other points made in the bill of exceptions.

Judgment reversed.