# Becker, Appellant, v. Philadelphia.

*Negligence—Municipalities—Evidence—Record.*

In an action by a woman against a municipality to recover damages for personal injuries, the plaintiff claimed that she was suffering from a particular physical disturbance resulting from a fall which was the foundation of the action. The defendant claimed that about ten years prior to the accident plaintiff had sued a borough to recover for personal injuries, and that in the suit against the borough she had claimed and recovered damages for the same physical disturbance. The plaintiff denied that she had made any such claim in a prior suit. The city offered in evidence the record of the prior suit, and also as a witness, the stenographer who had taken the testimony in that suit, to show by his notes that a physician, since deceased, had testified on behalf of the plaintiff that she was suffering from the physical disturbance complained of in the second suit. The first suit was brought prior to the Act of May 8, 1895, P. L. 54, which requires that the rights of husband and wife should in cases of injuries to the wife be redressed in one action. It was objected to the admission of the testimony that as the husband in the later suit was claiming to recover in his own right, the record of the earlier suit, which was solely for the wife's benefit, was res inter alios acta, and consequently not admissible. *Held,* that the objection was not well founded, inasmuch as the testimony was not offered to prove the substantive fact of the existence of the physical disturbance, but to contradict the plaintiff, and to show that she adopted the declarations and admission of the physician as her own.

A record may be admitted in evidence in favor of a stranger against one of the parties, as containing a solemn admission, or judicial declaration by such party in record to a certain fact. But, in that case, it is admitted not as a judgment conclusively establishing the fact, but as the deliberate declaration or admission of the party that the fact was so. It is therefore to be treated according to the principles governing admissions, to which class of evidence it properly belongs.

Argued Jan. 23, 1907. Appeal, No. 123, Jan. T., 1906, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1901, No. 239, on verdict for defendant in case of Charles Ellwood Becker and Margaret Becker, his wife, v. Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

The opinion of the Supreme Court states the case.

At the trial the court permitted under objection and exception the prothonotary of Delaware county to offer in evidence a certified copy of the record of the case of plaintiff against the Borough of Clifton Heights. [1] After the record was admitted defendant made the following offer:

Mr. Bartlett: Having offered in evidence the testimony of Charles E. Becker and Margaret Becker, his wife, I again offer to prove by this witness that the testimony of Dr. Charles Cooper, a witness called by Margaret Becker and Charles E. Becker, plaintiffs, in the right of the said Margaret Becker, his wife, in a suit against the Borough of Clifton Heights, C. P. Delaware county, No. 16, December Term, 1890, to show the identity of the injuries claimed for in said case to those herein claimed for, coupled with proof, by the testimony of the court stenographer and a juror in the case, that Dr. Cooper testified in said case that the injuries sustained by Mrs. Becker consisted of a spot on the spine, permanent in nature, and prolapsus uteri, the falling of the womb, permanent in nature, and other permanent injuries, such permanent injuries being identical to those testified to in the case on trial.

Mr. Raymond: Objected to.

The Court: I will admit it, on the ground that the declaration of a witness called by a party must be considered a declaration of the party.

Mr. Raymond: My objection is, the parties are not the same, and it is not the same subject-matter. Exception. [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (6–15) various portions of the charge.

*Eugene Raymond*, for appellant.

*Charles E. Bartlett*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, and *W. C. Wilson*, for appellee.

OPINION BY MR. JUSTICE STEWART, April 1, 1907:

It was one of the questions in the case whether the uterine disturbance from which the plaintiff, Mrs. Becker, was shown to be suffering, resulted from the fall which was the founda-

tion of the action, or from an earlier occurrence. Plaintiff claimed to recover for other injuries as well, but this, if not the most serious, was one which if traced to this particular fall as a cause would, in case of a recovery, swell largely the sum total of compensation. The effort on part of defendant was to disconnect the two. Some eight or ten years before the accident which gives rise to the present suit, Mrs. Becker had been injuried by a fall on a public street in the borough of Clifton Heights. Alleging negligence on the part of the municipality in this connection, she brought her action against the borough. The defendant sought to show that one of the injuries complained of in the action, and for which compensation was there asked, was a uterine disturbance; that injuries of this character are permanent, except as corrected by surgical operation; that plaintiff was allowed to recover there as for a permanent injury in this respect; and that a surgical operation had never been resorted to in her case. Such line of defense was of course entirely legitimate, since, if established, it would eliminate this particular injury from the case, except as the accident for which it was attempted to hold defendant responsible had aggravated the disability that had resulted from the former one. The only question was as to the method of proof. The offer which was admitted under exceptions which are here pressed, was, first, a certified copy of the record in the case of Margaret Becker v. The Borough of Clifton Heights; and, second, to prove by the court stenographer reading from his notes taken at the trial, that among the injuries for which compensation was there claimed was uterine disturbance. The offer of the record was but preliminary to the introduction of the stenographer's testimony. In itself it was of no importance, except as matter of inducement to what followed in the second branch of the offer and as preliminary thereto. For this purpose it was both necessary and proper. The objection urged to both is the same; separate consideration, therefore, is not necessary. We shall consider the objection more fully in connection with the second offer. On the trial of the case against the borough of Clifton Heights, one Dr. Charles Cooper was a witness called by the plaintiff. He was the physician who attended Mrs. Becker after she had received her injuries, and he testified fully as to their nature and extent. He died

before the present action was brought; and the offer was to show by the stenographer from his notes taken at the trial, that Dr. Cooper on behalf of plaintiff testified that one of the results of the accident there complained of was uterine disturbance; that he had treated the plaintiff for this ailment, describing how, and that the injury was permanent in its character. This was objected to on the ground that the action against the borough of Clifton Heights, having been brought before the Act of May 8, 1895, P. L. 54, which requires that the rights of husband and wife in cases of this character be redressed in one action, was solely for the wife's benefit, the husband's joinder therein being purely formal; that in the present suit he is claiming to recover in his own right and that, therefore, the record of the earlier suit is res inter alios acta, and consequently not admissible here. The objection might have been valid enough had the effort here been to prove in this way as a substantive fact, admitting its pertinency, that Mrs. Becker at this earlier period suffered from this particular ailment. Whether she did or did not so suffer was wholly aside from the inquiry. She testified in the present case that she had not attempted to recover in the action against the borough of Clifton Heights for uterine disturbance; that she had not sustained such injury in the earlier accident, and had not been treated for any such ailment before her later accident. The purpose of the offer was to discredit her as a witness, and to impute to her want of good faith as plaintiff in the present action. It was pertinent to the issue; how effective was for the jury to say. Dr. Cooper was a witness testifying on behalf of plaintiff. The plaintiff was present at the time he testified according to her own admission. She relied upon his testimony with regard to the nature and extent of her injury, as furnishing a basis upon which she asked the jury to reckon her compensation. She thus adopted and used the declarations and admissions of the witness as her own, and it was the same as though she herself had asserted the fact which they tended to prove. Such is the rule. The purpose of the offer was clearly legitimate, and the mode of proof entirely proper. "A record may also be admitted in evidence in favor of a stranger against one of the parties, as containing a solemn admission, or judicial declaration by such party in

regard to a certain fact.   But, in that case, it is admitted not as a judgment conclusively establishing the fact, but as the deliberate declaration or admission of the party that the fact was so.   It is therefore to be treated according to the principle governing admissions to which class of evidence it properly belongs."   The law on this subject is thus summarized by BELL, J., in Truby v. Seybert, 12 Pa. 101: "To operate, of itself, as a bar, a judgment must be between the same parties or privies.   But though the parties be different, a record is admissible to prove the existence of a former action with its legal consequences, as an independent fact; for the mere fact that such a suit was brought and a verdict and judgment rendered, it is said, cannot be considered as res inter alios acta. Where, therefore, the introduction of a former judgment is necessary by way of inducement to the full understanding of a collateral fact, or the admissions and allegations of a party to it, the record is always received, not only as legal evidence of the rendition of such a judgment, but as conclusive for that purpose; for it must be presumed the court made a faithful record of its own proceedings.   Thus, a record may be shown, though the parties are not the same, to let in proof of what was sworn at the trial; 1 Greenleaf, Ev., sec. 527.   So also, it is admissible against one of the parties or judicial declaration by such parties, in regard to any particular fact.   But in these instances, it is received, not as an adjudication conclusively establishing the fact, but as the declaration or admission of the party himself that the fact is so."

The remaining assignment of error relates to the charge of the court, which is complained of as inadequate and partial. We have examined the charge in this case with reference to each of the twelve specifications under this head.   In the very careful examination thus made, we have failed to find anything affording ground for complaint.   It is a full and very careful presentation of the law of the case, and equally full and careful in its exhibit of the evidence.   In his comments on the evidence and the positions taken on one side and the other with reference to it, not only did the learned judge make no attempt to force upon the jury views of his own, but he seemed even studious to avoid expressing any view.   It is impossible to derive from the charge any inference of favor, and

the complaint of inadequacy is groundless.    We deem it unnecessary to consider separately these specifications.    They are all overruled and the judgment is affirmed.