A. W. BLACK ET AL. v. MINNIE MOORE ET AL.

Decided April 27, 1904.

1.—Official Bond—Liability of Sureties—Injury Resulting in Death.

The ruling on former appeal herein (Moore v. Lindsay, 31 Texas Civ. App., 13) holding the sureties of a constable liable in damages for his wrongful act in killing one whom he was attempting to arrest upon a lawful warrant approved and followed.

2.—Principal and Surety—Damages—Verdict—Judgment.

Where, in an action against a constable and his sureties for injuries resulting in death caused by the officer's wrongful act in making a lawful arrest verdict was rendered against the constable for $500 and against the sureties for $250, it was error for the trial court to render judgment thereon against both principal and sureties for $500; nor was it proper for the appellate court, on reversal therefor to render the same judgment or any judgment on such verdict.

Appeal from the County Court of Lamar. Tried below before Hon. John W. Love.

*Hodges & Moore,* for appellants.

*Hale, Allen & Dohoney,* for appellees.

KEY, ASSOCIATE JUSTICE.—This is a suit brought by a surviving wife and minor children to recover damages for the death of the husband and father. The suit is against a constable and the sureties on his official bond, and from a judgment in favor of the plaintiffs the defendants, who were sureties, have appealed.

The case comes to this court by transfer from the Fifth District, and we find that it has been on appeal once before, where the main defense relied on by the sureties was decided against them by the Court of Civil Appeals for the Fifth District. Moore v. Lindsay, 31 Texas Civ. App., 13. It was there contended that under the doctrine announced in Hendrick v. Walton, 69 Texas, 192, the sureties on the constable's bond were not liable to the plaintiffs, conceding that the constable, while attempting to execute a lawful writ, had wrongfully killed I. L. Moore, who was the husband of one and father of the other plaintiffs. On this appeal, appellants ask to have the question reconsidered, and the former decision overruled. This court has given the question consideration and reached the conclusion that the decision on the former appeal was correct.

At the last trial the jury returned a verdict for the plaintiffs for $500 against Lindsay, the constable, and for $250 against the sureties. The judgment was first rendered in accordance with the verdict, but upon motion of the plaintiffs the court changed it, so as to make the sureties liable for $500, and this action by the court is assigned as error. The assignment must be sustained.

It is now well settled that in jury trials the court has no power to disregard a verdict and enter judgment, however clear and convincing

the facts may be in support of the judgment. Ablowich v. Bank, 95 Texas, 429, and cases there cited. However, it is suggested on behalf of appellees that this court has the power, after setting aside the judgment of the court below, to render a similar judgment here; and it is contended, upon the undisputed testimony and the finding of the jury, that as the constable was liable for $500, this court should render judgment against the sureties for the same amount. Conceding that this court has the power referred to, we are of opinion that it should not be exercised in this case. The action is one sounding in damages, and we do not think the verdict of the jury clearly fixes the amount of damages. It is true that it finds for the plaintiffs in the sum of $500 against one defendant; but it also finds for only $250 against the other defendants; and we see no reason why the latter amount, as well as the former, should not be looked to in determining the amount of damages assessed by the jury; and so regarding the verdict, we are unable to say that it fixes with certainty the damages at any sum in excess of $250. Hence we decline to adopt the suggestion that this court reverse and render.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*