## Pecos & Northern Texas Railway Company v. Lovelady & Pyron.

### Decided April 30, 1904.

**1.—Evidence—Admission by Agent—Damage to Cattle in Shipment.**

Plaintiffs sued three railroads, connecting lines, for damages occurring to cattle in a through shipment, and a settlement having been made with two of the roads, the case was dismissed as to them. On the trial defendant offered in evidence a sworn claim for damages made out against all the roads by plaintiffs' agent who accompanied the cattle. The claim was itemized and accompanied by a statement of the delays, etc., that occurred, and showed that the damages occurred principally on the other lines and did not include items claimed against defendant in the suit. Held that the claim and statement, being in the nature of an admission, was improperly excluded from the evidence.

**2.—Charge—Proximate Result.**

Where the court charged that plaintiffs could recover "for injuries and delays, if any, approximately resulting from the acts of the defendants," etc., the use of "approximately" instead of "proximately" was error which possibly might, of itself, have necessitated a reversal.

Appeal from the District Court of Randall. Tried below before Hon. Ira Webster.

*J. W. Terry* and *Browning, Madden & Trulove,* for appellant.

*Buie & Rollins* and *Matlock, Miller & Dycus,* for appellees.

SPEER, Associate Justice.—On about October 30, 1899, appellees shipped 472 head of cattle from Canyon City to National Stock Yards, East St. Louis, over the line of the Pecos & Northern Texas Railway Company from Canyon City to Amarillo, thence over the line of the Southern Kansas Railway Company of Texas from Amarillo to Higgins, from which point they were further conveyed over the line of the Atchison, Topeka & Santa Fe Railway Company to market. On about November 6th, following, they shipped 134 head over the same route to Kansas City, Mo. Suits were filed in the district court against the three railway companies to recover damages for injuries to these cattle. These suits were subsequently compromised as to the last two companies named, and the suits dismissed as to them. The present appeal is by the Pecos & Northern Texas Railway Company, the only remaining defendant, the original suits having been consolidated below. The plaintiffs' cause of action against the Pecos & Northern Texas Railway Company consisted in damages to their cattle growing out of the company's failure to furnish cars at the time it had agreed to supply them, resulting in the plaintiffs being forced to expend the sum of $160 for pasturage for their cattle, as well also as in a loss of flesh and appearance of the cattle while they were thus detained, the alleged damages amounting to $1972. There was a trial before a jury which resulted in a verdict and judgment for the plaintiffs in the sum of $1500.

Upon the trial it was made to appear that one Hunter was appellees'

shipper in charge of their cattle being shipped, and that after the shipment and prior to the filing of the suits above referred to, Hunter made an affidavit detailing the injuries to appellees' cattle, which affidavit appellees' attorneys forwarded to this appellant along with appellees' claim for the damages therein stated. The affidavit and claim filed therewith are as follows:

"The Pecos & Northern Texas R. R. Co. and the Atchison, Topeka & Santa Fe R. R. Co.   Dr.   To Lovelady & Pyron:   To 240 head of cattle shipped in name of John Lovelady as hereinafter set out and 232 head shipped in name of R. B. Pyron as set forth hereinafter, shipped from Canyon City, Texas, to East St. Louis, Ill., via Kansas City, viz: Shrinkage 74 lbs. per head, difference in price because of decline in market 15 cents per 100 lbs., and 25 cents per 100 lbs. damaged condition of cattle, thus:

| | |
|---|---|
| Number cattle, 472; shrinkage, 74 lbs.; at price cattle brought, at $2.25 per 100 lbs, loss.....................$1030 | 37 |
| Number cattle, 472; shrinkage, 74 lbs.; damaged, 25 cents per 100 lbs, loss.................................... 87 | 32 |
| Number cattle, 472; shrinkage, 74 lbs.; decline, 15 cents per 100 lbs, loss.................................... 52 | 39.2 |
| Number cattle, 472, weighing 751 lbs.; each damaged 25 cents per 100 lbs, loss.................................... 886 | 18 |
| Number cattle, 472, weighing 751 lbs.; each decline 15 cents per 100 lbs, loss.................................... 531 | 78 |
| Total damage .................................$2587 | 97.6 |

"Canyon, Texas, Nov. 6, 1899.—To John Lovelady, Esq.:   Dear Sir: Below will give you a report of the run from this point to St. Louis.   I left Canyon City at 6:30 p. m. the 30th of Oct.   Arrived at Amarillo at 8 p. m., left about 8:45.   Arrived at Washburn 9:50, left 10:30, run out about one mile, engine could not pull the train, so conductor walked back to Washburn, got another engine to pull train back to town (Washburn).   So we did not leave there till 1:10 a. m. Oct. 31.   Arrived Canadian about 7:30 a. m.   One engine No. 195 died on us there, so we did not leave there for about one hour and thirty minutes, say about 9 a. m.   Did not arrive at Woodward until about 2:30 p. m., was there nearly one hour, arrived at Wellington 2:30 a. m. the 1st of Nov., was there about one hour, arrived at Florence at 1:00 p. m., left at 2:15 p. m., run out about two miles, the engine broke down, had to get switch engine to pull train back to Florence and get another engine, so left there about 5:30 p. m., arrived Emporia about 8:45 p. m., left about 10 p. m., arrived at Argentine about 5 a. m. and 2nd of Nov., unloaded in the stock yds at 6:30 a. m., being on the cars 60 hours from Canyon City to K. C. without unloading and feeding.   After resting until 5 p. m., loaded out over the Wabash for the Nat'l Stock Yds, East St. Louis, Ill., arriving at St. Louis 9 a. m. Nov. 3d., unloaded in the yards

10:45 a. m.  On the run from Canyon City to K. C. I ordered the cattle fed and watered at Wellington, Strong City and Emporia, and was refused at each place.  On arriving at K. C. Stk Yds the cattle failed and refused to drink by reason of being on the cars so long.

"J. T. HUNTER,
"Shipper in charge.

"Subscribed and sworn to before me by J. T. Hunter, this Nov. 8, 1899.

(Seal)        "B. FRANK BUIE,
"Notary Public, Randall County, Texas."

"Canyon, Texas, Nov. 10, 1899.   Hon. C. S. Sutton, Auditor, Topeka, Kan.:  Dear Sir.—Please find inclosed acct. for damages to cattle.  We are instructed to ask you to make report on same in 30 days, or bring suit in case of failure.  Hoping to hear from you at once, we are, very truly,

"L. G. WILSON AND B. FRANK BUIE,
Attys. for Lovelady & Pyron."

Appellant offered to introduce this instrument in evidence, but upon objections of appellees that the same was irrelevant, hearsay and an improper way to secure Hunter's testimony, it was excluded.  We think appellant's complaint of this ruling necessitates the reversal of this case.  An examination of the excluded testimony will disclose that the detailed statement of the injuries to appellees' cattle contains no reference whatever to the items here sued for, but the acts therein complained of appear to be, for the most part, those for which the other lines of road have settled with them in full.  We think the testimony was admissible.  It is in the nature of an admission against interest by appellees through an authorized agent.

In St. Louis S. W. Ry. Co. v. Smith, 33 Texas Civ. App., —, 8 Texas Ct. Rep., 610, where a plaintiff's claim presented to a railway company for an amount less than that sued for was admitted in evidence, the trial court instructed the jury that if they should find from the evidence that the claim put in to the defendant for damages was in the nature of a compromise and settlement, and not as a true and correct amount of the damages sustained, then the plaintiff would not be bound by said claim as the amount of his damages, and that they would not consider it for that purpose.  We held this charge to be erroneous, in that it limited the company's right to have the testimony considered as an admission upon the part of the shipper tending to show that his damages were not in fact as great as contended for at the trial.  To the like effect is the case of Gulf C. & S. F. Ry. Co. v. Combes, 3 Texas Law Journal, 962, 9 Texas Ct. Rep., 743.  In that case, discussing evidence similar to that offered here, Chief Justice Fisher used the following language:  "We are of the opinion that this latter expression, while proper, limited the effect that the jury could have given to the

statement. They had the right to consider it as original evidence in the nature of admissions made by the plaintiffs tending to show that their damages were not as great as claimed and sued for in the petition, of course subject to any explanation that the plaintiffs could give, such as showing that it was made under a mistake, or that it was merely a proposition submitted in a spirit of compromise." See, also, Boyer v. Railway Co., 8 Texas Ct. Rep., 347. The principle is analogous to that which authorizes the admission in evidence of abandoned pleadings when they contain material admissions against interest; in such latter case it has been held that it is immaterial that such pleadings are not sworn to by the party, or even signed by him. See Texas & P. Ry. Co. v. Goggin, 33 Texas Civ. App., —, 8 Texas Ct. Rep., 939, and authorities there cited. Fully as great reason exists for the introduction in evidence of the affidavit under consideration as obtains in the case of abandoned pleadings containing similar admissions. Here the affidavit is shown to have been made by an agent having in charge the transaction of the particular business, and it is used by appellees' attorneys as a basis for their claim for damages against the companies sought to be charged. In this respect it is very similar to a pleading in court by appellee. To be sure, as an admission, even though it were made by appellees themselves, it would not be conclusive, but would be subject to any explanation which they might be able to make. We merely hold that the affidavit should have been admitted in evidence for the consideration of the jury.

We are also inclined to the view that appellant's assignment complaining of the exclusion of the testimony of its agent O. C. Davis should also be sustained. By said witness appellant offered to prove facts which would have tended to show that appellee Lovelady was mistaken as to the date when he says he placed his order for cars. See Davie v. Terrill, 63 Texas, 109.

The court in his charge erroneously authorized a recovery for "injuries and delays, if any, approximately resulting from the acts of the defendant alleged in plaintiffs' petition." The use of the word "approximately" rather than the correct term "proximately" is indeed lax terminology, and possibly might itself be sufficient to authorize the reversal of the judgment, but the error will hardly occur again upon another trial. In our opinion none of the other assignments presents error.

For the reasons above given the judgment is reversed and the cause remanded.

*Reversed and remanded.*