Pecos & Northern Texas Railway Company v. Lovelady & Pyron.

. Decided April 29, 1905.

**Carriers of Cattle—Release of Damages—Joint Defendants.**

Where, in an action against several railroad companies for damages to cattle shipped, a claim for injury to the cattle before the shipment began was made and pleaded only against the initial carrier, and it was alone liable for such damages, a release of the other defendants from liability did not support a plea of accord and satisfaction on the part of the initial carrier as against

such claim of plaintiff for the damages to the cattle resulting from the failure to furnish cars for the shipment in due time.

Appeal from the District Court of Randall. Tried below before Hon. Ira Webster.

*J. W. Terry* and *Browning, Madden & Trulove,* for appellant.—When plaintiffs accepted from the Southern Kansas Company $1,250 in full settlement and satisfaction of all their claims against it and the Atchison Company, on account of injuries for which said companies were sued, together with appellant, as partners and joint wrongdoers, the same acted as a satisfaction in favor of appellant as well, and released it from further liability, if any existed. Stillman v. Hurd, 10 Texas, 109; McGehee v. Shafer, 15 Texas, 198; Thompson v. Albright, 4 Texas Civ. App., 44; 14 S. W. Rep., 1020; Pugh v. Chesapeake & O. Ry. Co., 39 S. W. Rep., 696; Stone v. Dickinson, 5 Allen, 29; Ayer v. Ashmead, 31 Conn., 447; Ellis v. Bister, 2 Ohio, 89; Gilpatrick v. Hunter, 24 Me., 18; Gunther v. Lee, 45 Md., 60; 1 Suth. on Damages, p. 436.

*B. F. Buie* and *Matlock, Miller & Dycus,* for appellees.—The acceptance by appellees from the Southern Kansas Railway Company of Texas and the Atchison, Topeka & Santa Fe Railway Co., of the sum of $1,250 in full settlement and satisfaction of all damages or claims against them for injuries to their cattle, was not a release of the damages claimed by appellees in their suits against appellant for the damages occasioned by it, because the said Southern Kansas Railway Company of Texas and Atchison, Topeka & Santa Fe Railway Company, and appellant, were not sued in said cause as joint tort feasors in the sense that term is commonly used, or as partners in said shipping contract, but it was sought in said suits to recover against each of said railways the damages that were occasioned by them separately. Sec. 1, chap. 125, p. 214, Acts of 1899; Texas & P. Ry. Co. v. Murtshaw, 78 S. W. Rep., 953.

STEPHENS, ASSOCIATE JUSTICE.—This is the second appeal in this case, the first judgment having been reversed for error in the exclusion of testimony, as will be seen from the opinion of Justice Speer, reported in 35 Texas Civ. App., 659, 80 S. W. Rep., 867. The first paragraph of that opinion states the facts out of which the litigation arose, as well as the history of the litigation up to the first trial, and these matters need not be here repeated. On the last trial substantially the same issues were submitted to the jury, with a like result.

The verdict, which is sustained by the evidence, establishes either that appellant violated its contract with the appellees to furnish them cars at a given time for the transportation of their cattle from Canyon City, Texas, to Kansas City and East St. Louis, or that it was guilty of negligence in failing to furnish cars for that purpose within a reasonable time after they were applied for, both issues having been raised by the pleadings and evidence and submitted in the charge to the jury, the petition tendering the one issue and the answer the other. The verdict also establishes, either that the agent or agents, through whom the contract was made, had the authority to make it, or else that it was within

the apparent scope of authority, and that appellees had no notice, and were not chargeable with notice, of any such limitation upon the authority of its agent or agents, as was claimed by appellant. The undisputed evidence also showed that the appellees evidently relied on the apparent authority of the agents in question to make the contract to furnish cars. In short, we find that the evidence warranted a finding in favor of appellees on all the issues submitted to the jury, and warranted the verdict and judgment appealed from.

The charge submitting these issues is not, we think, subject to the objections urged against it in appellant's brief.

Nor did the court err in refusing to give the numerous special instructions requested by appellant.

The assignments complaining of the admission of testimony are likewise without merit

We pretermit a discussion of these questions, in view of the very prolix and objectionable form in which they are presented in the briefs, and for the further reason that they present nothing of special interest or value.

One important, as well as somewhat difficult, question appellant has raised, or attempted to raise, by the second group of assignments submitted in its brief, the first of which, however, is clearly not well taken, and for this reason we would, perhaps, not be required, if authorized, to consider the remaining assignments in the group. But, without determining this question of practice, we have concluded that the issue to which these assignments all relate was properly disposed of in the court below. That issue was one of accord and satisfaction pleaded by appellant, as shown by the following written instrument:

"The Southern Kansas Railway Company of Texas, to Lovelady & Pyron, Dr. January 14, 1901. In full settlement and payment of all claims, demands and liabilities of whatsoever kind and character, against the Southern Kansas Railway Company of Texas, and the Atchison, Topeka & Santa Fe Railway Company, or either of them, jointly or severally, by reason of damages alleged to have been sustained to a shipment of cattle from Canyon City, Texas, to Kansas City, Missouri, now in litigation in a certain cause pending in the District Court of Randall County, Texas, wherein Lovelady & Pyron are plaintiffs and the Pecos & Northern Texas Ry. Co., the Southern Kansas Ry. Co. of Texas and the Atchison, Topeka & Santa Fe Ry. Co. are defendants, the same being suit number 49 on the civil docket of said court, also by reason of. damages alleged to have been sustained to a certain shipment of cattle from Canyon City, Texas, to National Stockyards, Illinois, being 472 head, shipped on October 30, 1899, and all other shipments for which damage is claimed in a certain other suit brought in the same court by the same plaintiffs, against the same railway companies, same being suit number 42 upon the civil docket of the District Court of Randall County. This payment is made and accepted in full settlement of all matters mentioned in said suits, and all damages of whatsoever kind or character sustained by the plaintiffs growing out of the various shipments mentioned in said suits, which could, or at any time can, otherwise be chargeable to the said Southern Kansas Ry. Co. of Texas, or the At-

chison, Topeka & Santa Fe Ry. Co., or either of them, jointly or severally, $1,250.

"Examined by D. H. Nichols, V. P. and G. M., correct; H. E. Hoover, attorney, approved; J. W. Terry, solicitor, approved; Dan A. Sweet traffic manager, approved; A. L. Conrad, auditor.

"Received from the Southern Kansas Railway Company of Texas, twelve hundred and fifty (no hundredths) dollars in full payment of the above account. Lovelady & Pyron, plaintiffs.

"By I. H. Burney, attorney of record.

"$1,250."

This purports to be a release of appellees' claims for damages against the two companies therein mentioned, and not of their claim against appellant. But it is insisted, on the part of appellant, that all were joint wrongdoers, and that a release of two released all, in support of which contention the petitions of the appellees in the suits therein referred to are cited, showing that a partnership or joint liability had been alleged against the three companies. It, however, appears from these original petitions that no damage whatever had been claimed against the companies mentioned in the release on account of appellant's breach of contract or duty made the basis of the recovery from which this appeal is taken. On the contrary, that damage was expressly excluded in said original petitions from the recovery sought against the other companies. After settlement had been made with the said companies, appellees dismissed their suits as to them, and in an amended petition withdrew the allegation of partnership and joint liability, distinctly alleging the fact to be that appellant alone was liable for the failure to furnish cars at Canyon City. Appellant joined issue with appellees on this allegation, and, as seldom occurs in this class of litigation, alleged that all of the companies were partners, and jointly liable, but failed to sustain these allegations by proof. Inasmuch, then, as in the original petitions no recovery was claimed, and therefore none could have been had, as the pleadings then stood, against any of the companies sued except appellant, for the damages done the cattle before they were loaded on the cars at Canyon City, and inasmuch as the proof on the last trial failed to show that either of the other companies was liable for such damage, we think the plea of accord and satisfaction was not sustained by the evidence. On effect of release of some, where others are liable, see Merchants' National Bank v. McAnulty (Texas Civ. App., 31 S. W. Rep., 1091; id., 89 Texas, 124, 33 S. W. Rep., 963).

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.