**STOWELL et al. v. TEXAS EMPLOYERS' INS. ASS'N.   (No. 8956.)**

(Court of Civil Appeals of Texas. Dallas. Feb. 2, 1924.)

1. **Master and servant ☞417(5)—Trial of action to set aside compensation award is a trial de novo.**

In an action by Employers' Insurance Association to set aside final decision of Industrial Accident Board against the association in proceedings under the Employers' Liability Act, §§ 10, 11, as amended by Acts 35th Leg. (1917), c. 103 (Vernon's Ann. Civ. St. Supp.

1918 or Complete Tex. St. 1920, arts. 5246—18, 5246—19), the case will be tried de novo upon issues made by the pleadings of the parties, under Vernon's Ann. Civ. St. Supp. 1918 or Complete Tex. St. 1920, art. 5246—44.

2. **Master and servant ☞382—Injured employé's release of third party held not to preclude recovery of compensation.**

A release executed to a third party does not preclude employé from recovering compensation under the Workmen's Compensation Act, if third party was not guilty of any negligence that caused, or contributed to cause, or proximately caused, or proximately contributed to cause, the accident.

3. **Master and servant ☞354—Injured employé's suit against third person dismissed without prejudice held not election precluding recovery of compensation; "proceed to recover damages."**

Injured employé's commencement of suit for injuries against a third party, which was not prosecuted to a conclusion on its merits, but was dismissed, leaving the parties with reference to their respective rights, remedies, and defenses, as if no suit had ever been filed, did not stop employé from claiming compensation under the Workmen's Compensation Act under Vernon's Ann. Civ. St. Supp. 1918 or Complete Tex. St. 1920, art. 5246—47, authorizing injured employé at his option to "proceed either at law against" third party legally liable for injuries "to recover damages or against the association for compensation under this act, but not against both," since in such case the injured employé did not "proceed to recover damages."

4. **Evidence ☞461(1)—Testimony held admissible as explaining intention in executing release and not in contradiction thereof.**

In an action involving the question of whether injured employé's execution of release to third party precluded recovery of compensation under the Workmen's Compensation Act, in which employé claimed that third party was not negligent, and that the release therefore did not estop employé from claiming compensation, employé's testimony that third party's agent in procuring release said that third party was not negligent, and that employé could not recover for injuries in action against third party, but that agent was required to produce release, *held* admissible for the purpose of establishing the real intention of the parties; such testimony not contradicting the terms of the release.

5. **Evidence ☞472(4)—Witnesses could not testify that party was negligent.**

A witness could not testify that a party was negligent, but was required to state the facts.

6. **Master and servant ☞404—Evidence held admissible on issue of liability of insurer for compensation to employé releasing third person.**

In an action involving injured employé's right to compensation under the Workmen's Compensation Act, as against insurer's contention that release executed to third party

precluded recovery of compensation, evidence as to the facts and circumstances surrounding the accident was admissible on question of whether third party was negligent, since, if not negligent, third party was not a joint tort-feasor, and the release did not preclude employé from claiming compensation from employer.

**7. Evidence ⬥493—Injured employé's testimony that he would be unable to work during rest of his life held not admissible.**

Injured employé's testimony that he would be unable to work or earn money from the date of the trial for the balance of his natural life, on account of the injuries received, *held* not admissible; being the opinion of a nonexpert on the probable duration and effect in the future of injuries sustained.

**8. Master and servant ⬥418(7)—Evidence in compensation held insufficient to warrant rendition of judgment on reversal.**

In suit by employer's insurance association to set aside an award made by the Industrial Accident Board in which judgment was rendered for the association on the ground that injured employé was precluded from recovering compensation, evidence *held* insufficient to warrant Court of Civil Appeals to render judgment for employé in reversing judgment for association on the ground that the trial court erred in holding employé procluded from obtaining compensation, under Vernon's Sayles' Ann. Civ. St. 1914 or Complete Tex. St. 1920, art. 1616, authorizing the rendition of judgment by appellate court where the record is sufficient.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by the Texas Employers' Insurance Association against Wm. M. Stowell and others, to set aside an award made by the Industrial Accident Board in favor of named defendant. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Currie McCutcheon, John White, and W. O. Scott, all of Dallas, for appellants.

Lawther, Pope & Leachman, of Dallas, for appellee.

VAUGHAN, J. This suit was instituted on the 10th day of November, 1922, to set aside an award made by the Industrial Accident Board of the state of Texas in favor of W. M. Stowell, one of the appellants, an employé of the West Dallas Gravel & Sand Company. Said award so made directing appellee to pay to appellant W. M. Stowell compensation for a period of one year from and after the 22d day of January, 1921, at the rate of $15 per week, according to the provisions of sections 10 and 11, pt. 1, amendment of the Employers' Liability Act by the Thirty-Fifth Legislature 1917 (Acts 35th Leg. [1917], c. 103 [Vernon's Ann. Civ. St. Supp. 1918 or Complete Texas Statutes, arts. 5246—18, 5246—19]), and also to pay to appel-

lant W. O. Scott a sum equal to 15 per cent. of the first $1,000 paid, and 10 per cent. of all amounts in excess of said first $1,000 to be paid, out of the weekly installments of compensation from week to week as the same accrued, by reason of his contract of employment to represent appellant Stowell as his attorney in presenting his claim for compensation before said Industrial Accident Board. The injury complained of was received on the 14th day of January, 1921.

[1] The giving of notice by appellee that it did not consent to abide by the final ruling and decision of the Industrial Accident Board and the filing of its suit to set aside the final ruling and decision of said Board, as provided for by article 5246—44, Complete Texas Statutes 1920, to wit:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty days after the rendition of said final ruling and decision by said Board give notice to the adverse party and to the Board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said Board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided,"

had the effect to suspend further proceedings by said Board, as well as the binding force and effect of its final ruling and decision upon the parties thereto, and which order could only have been restored to its original binding force and effect by failure of appellee, within 20 days from the date of giving notice, that it would not abide by said final ruling and decision, to institute and prosecute a suit to set same aside. Therefore, in view of the additional provision of said article, to wit:

"If the final order of the Board is against the association then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation;"

—the trial in the court below was without reference in any respect to such proceedings, being in its fullest sense a trial de novo, and, for the issues upon which the rights of the parties were determined, we are only required to look to the pleadings filed on the part of the appellant in the trial court presenting their case against appellee and appellee's defense made thereto—no question having been raised in reference to the proceedings had before said board up to the making of its award.

---

· ⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The appellant W. M. Stowell, as defendant in the court below, by way of his cross-action, in effect alleged: That on, to wit, the 14th day of January, 1921, long prior thereto, on said date, and ever since said date, he had resided in the county of Dallas, state of Texas; that the appellee, Texas Employers' Insurance Association, was created by the Employers' Liability Act of the Thirty-Third Legislature 1913, as amended by the Legislature in 1917 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), operating and doing a surety, liability, and accident insurance business in the state of Texas by virtue of a permit issued to it by the commissioner of insurance and banking of the state of Texas, to write insurance in the state, etc., and that, prior to the 14th day of January, 1921, it issued an insurance policy under the workmen's compensation law to the West Dallas Gravel & Sand Company, which was in force up to and including the time of the injury sustained by appellant; that on the 14th day of January, 1921, appellant was injured while driving his wagon and team in a westerly direction on the south side of Pacific avenue in the city of Dallas, said Pacific avenue running in the general direction of east and west. That defendant was hauling gravel at the time and was in the employ of the West Dallas Gravel & Sand Company; that Hughes-O'Rourke Construction Company, at the time of the accident involved herein, was erecting a building on the south side of Pacific avenue at and near that portion of Pacific avenue where the injury occurred; that, in the erection of said building, the said Hughes-O'Rourke Construction Company used a hoisting engine, operated by steam; that, as appellant was passing said building and hoisting engine with his wagon and team, hauling a load of sand for, and as an employé of, the West Dallas Gravel & Sand Company, the operator of said hoisting engine started same, causing a great cloud of steam to suddenly engulf said appellant, his wagon, and team, and frightened his team and caused it to run into a west-bound Texas & Pacific train operated by the receivers of said railroad company which was passing on Pacific avenue at said time; that appellant was thrown from said wagon to the ground, receiving a rupture and other injuries; and further pleading all the prerequisites for recovery against appellee for total and permanent disabilities to appellant as an employé, hurt while in the course of his employment with the West Dallas Gravel & Sand Company, and against appellee as insurer under the workmen's compensation laws of Texas.

To appellant's cross-action, the only defense matter pleaded by appellee was (1) that on the date of the accident appellant Stowell had settled and compromised, and released in full, J. L. Lancaster and C. L.

Wallace, as receivers of the Texas & Pacific Railway Company, for the sum of $25 for any cause of action that he had, or might have, against said receivers for damages; that the negligence of said receivers in operating said train proximately caused, or contributed to cause, the accident, and therefore was a joint tort-feasor and the settlement so made with said receivers was a release and settlement of the entire cause of action so as to be a bar to the right of appellant to recover against appellee; (2) that appellant Stowell had waived his right to compensation, in that he had filed suit for damages in the district court of Dallas county against Hughes-O'Rourke Construction Company under his common-law action for negligence, which suit was dismissed before the award of the Industrial Accident Board. No matters were pleaded in defense of the allegations that the injuries received by appellant Stowell totally and permanently disabled him from performing any character of work and labor. The evidence introduced by appellee was only in support of its defense that the release executed by appellant Stowell to the receivers of the Texas & Pacific Railway Company operated as a release and settlement in favor of appellee so as to prevent a recovery by appellant.

The case was tried before a jury. After appellants and appellee had closed the case in so far as introduction of testimony was concerned, each filed a proper motion for an instructed verdict. The court granted the motion of the appellee, and, in accordance with instructions of the court, the jury duly returned a verdict in its favor.

In disposing of this appeal it is only necessary to discuss the following questions:

Did the release executed by appellant Stowell to the receivers of the Texas & Pacific Railway Company operate as a bar and abrogate the contractual rights of appellant under the Workmen's Compensation Act to maintain his suit against appellee?

Was the filing of the suit by appellant Stowell against Hughes-O'Rourke Construction Company, and the dismissing of same before the award of the Industrial Accident Board was made, such an execution under article 5246—47, Workmen's Compensation Law (Complete Texas Statutes 1920), as to defeat his right to compensation under the provisions of said act?

Should the appellant Stowell have been permitted to testify in reference to the release offered and read in evidence by appellee, that the release which he signed was for a consideration of $25 and only covered the damage to his team, wagon and harness, and not for personal injuries sustained by him?

Did the court err in refusing to permit appellant Stowell to testify that the third party to whom he executed the delease in question was not guilty of any negligence that caused or contributed to cause, the accident,

appellee having alleged that the accident was due to the negligence of such third party?

Should the appellant Stowell have been permitted to testify that he would be unable to work, labor, or earn money from the date of the trial for the balance of his natural life on account of the injury received in the accident involved in this suit?

Are the facts in the case so fully developed that in the event appellant is entitled to a reversal of this cause on material error as to authorize this court, under the law, to reverse and render such judgment as under the facts as established should have been rendered by the court below?

The material facts found by this court to have been established by the undisputed evidence will be stated in the discussion of the above questions. Therefore, no finding of facts preliminary to such discussion will be made.

The above propositions will be discussed in the order stated.

On the date appellant Stowell received the injuries complained of, to wit, January 14, 1921, he executed the following instrument in writing to the receivers of the Texas & Pacific Railway Company, which was introduced in evidence by the appellee:

"The Texas & Pacific Railway.

"Release of Personal Injury and Damage Claim.

"In consideration of the sum of twenty-five and no/100 ($25.00) dollars this day paid to W. M. Stowell by J. E. Lancaster and Charles L. Wallace, receivers of the Texas & Pacific Railway Company, I hereby release said receivers from all claims, damages and causes of action against them, which have accrued, or may hereinafter accrue, to me, W. M. Stowell (licensee) for all injuries and damages of every nature whatsoever, received in and resulting from an accident at or near Dallas, Texas, on or about the 14th day of January, 1921, while driving my team of mules and wagon on Pacific avenue. My mules were struck by west-bound passenger train No. 23. This release also covers all damages to wagon, harness and injuries to my team. To secure this settlement and the payment of said sum I hereby rely wholly upon my own judgment, belief and knowledge of the nature and extent and duration of said injuries, disabilities and damages, and that no representations or statements have been made, by said receivers or their representatives or agents, that have influenced me in making or induced me to make this settlement.

No promise of employment nor other agreements not herein expressed has been made by said receivers nor by any of their representatives, agents or employés.

"In testimony whereof I have hereunto set my hand this 14th day of January, 1921."

[2] It is contended by appellants that said release, having been executed to a third party who was not guilty of any negligence that caused, or contributed to cause, or proximately caused, or proximately contributed to cause, said accident resulting in the injury sustained by appellant Stowell did not impair or abrogate his right as an employé to recover compensation against appellee as insurer under the workmen's compensation laws of Texas. On this issue the following facts are found to have been established:

On the 14th day of January, 1921, about 9 o'clock a. m., appellant Stowell, then an employé of the West Dallas Gravel & Sand Company, and being then in the discharge of the duties under his employment, received the injuries complained of under the following circumstances: He was hauling a load of sand on Pacific avenue, billed to 1213 Elm street, and saw a passenger train coming in behind him on the Texas & Pacific track. He stopped his team to wait for the train to pass, stopping opposite a hoisting engine which was not then, and had not been in motion that morning. This hoisting engine was under the management and control of Hughes-O'Rourke Construction Company, and was being used by them in the construction of a building situated on the south side of Pacific avenue. Appellant Stowell and the passenger train were traveling west, the train being on appellant's right, which placed appellant between the train and said hoisting engine. The team of mules driven by appellant Stowell were used to trains and not afraid of same. That appellant brought his team to a stop, as above stated, in order to permit the train to pass before proceeding on his journey. About the time the pilot of said passenger train got even with said team of mules, said hoisting engine was started up, making a loud noise or racket, and discharging a large quantity of steam, which came in contact with a covering of some kind over said hoisting machine where the steam was so discharged, which caused the steam to shoot right down over said team of mules, frightening them and blinding Stowell. That the team immediately turned and ran into the engine just ahead of the cab.

The evidence only establishes the execution of a release to one claimed by appellee to be a joint tort-feasor with Hughes-O'Rourke Construction Company, in that it excludes the existence of any act of negligence causing the accident to appellant Stowell on the part of the receivers of the Texas & Pacific Railway Company, or their employes operating said passenger train. The only act of negligence disclosed by the evidence was the dscharging of the steam from the hoisting engine being operated at said time by said construction company, the only third person against whom there alone existed legal liability for the accident, and the resultant injuries sustained by appellant Stowell. Therefore we must hold, in line with what we regard as the weight of author-

ity in Texas, that the releasing by appellant Stowell of the receivers of the railway company, against whom, under the evidence, no legal liability existed on account of the injuries alleged to have been sustained by him, did not affect or release the real tort-feasor, especially in view of the fact that the release as executed was obtained in consideration of a mere pittance on the day the injuries were received by Stowell, and under circumstances whch clearly indicate that Stowell did not have in mind the execution of the release under a claim then being asserted by him against the receivers of the Texas & Pacific Railway Company on account of the personal injuries sustained by him, or that he had at any time ever asserted any claim on account of said injury against said receivers.

Without further discussion of this question, we are content, in support of our conclusion, to cite the following authorities: Gulf Refining Co. v. Jackson (Tex. Civ. App.) 250 S. W. 1080; El Paso & S. R. Co. v. Darr (Tex. Civ. App.) 93 S. W. 166; Pecos & N. T. Ry. Co. v. Lovelady & Pyron, 39 Tex. Civ. App. 239, 87 S. W. 710; Robertson v. Trammell, 37 Tex. Civ. App. 53, 83 S. W. 258; Panhandle & S. F. Ry. Co. v. Hurst (Tex. Civ. App.) 251 S. W. 538.

In the last case it was held that, where the employé has been compensated under the Workmen's Compensation Act for injury, he is not estopped to sue the negligent third person. Wm. Cameron & Co., Inc., v. Gamble (Tex. Civ. App.) 216 S. W. 459; Naert v. Western Union Tel. Co., 206 Mich. 68, 172 N. W. 606.

In this case, the following material facts being before the court:

"A mother, whose son was killed by collision with a truck of a creamery company while he was riding his motorcycle as messenger for a telegraph company, made a settlement with the creamery company for a sum slightly in excess of the funeral expenses; she being a foreigner unacquainted with the English langauge, and being told that if she did not accept that sum she would get nothing. An application to the probate court was made for her appointment as administratrix, and on the same day she was appointed, filed a petition to accept the amount for a release, received such permission and released all claims, this being the sixth day after the death of the son. Later the mother applied to the Industrial Accident Board for compensation, an award of $10 per week for 300 weeks was made, and the employer appealed, claiming that, by giving the releases, claimant had deprived it of recourse against the creamery company,"

—the court sustained the award, holding that the release did not amount to a release of the employer, and that, as the Compensation Act clothes the employer with the absolute right to recover such payments as it was obligated to make from the third person liable for the injury, such third person in making a settlement would be held to have done so with knowledge that it might be called upon to respond to the employer of deceased, who was primarily legally liable under the terms of the Compensation Act to the injured employé or his dependents in case of his death. The Industrial Accident Board based its award upon a finding that the creamery company was not legally liable for the accident, and therefore the amount it paid was a mere gratuity, and the release was no bar to compensation from the employer. The court found it unnecessary to pass upon that question because, in any event, it held that the telegraph company was left free to proceed against the creamery company as though no settlement had been made. This is applicable to the instant case because the evidence absolutely fails to show the existence of any legal liability on the part of the receivers of the Texas & Pacific Railway Company for the accident, and therefore, we are authorized to hold under the weight of authority that the amount paid by said receivers to appellant Stowell in consideration of the release executed was a mere gratuity, and therefore constitutes no bar to compensation under the Employers' Liability Act.

This conclusion is reinforced by the able opinion rendered in the case of Carlson v. Minn. St. Ry. Co., 143 Minn. 129, 173 N. W. 405.

On the 4th day of April, 1921, appellant Stowell filed a common-law action for damages for personal injuries against Hughes-O'Rourke Construction Company, said suit being numbered 3485a, styled "W. M. Stowell v. Hughes-O'Rourke Construction Company," in the Fourteenth district court of Dallas county, Tex.; said Stowell therein alleging that the said injuries and disability for which he claims compensation in this action were caused by the negligence of the said construction company. This suit was dismissed before the final award of the Industrial Accident Board, on the application of appellant Stowell for compensation.

[3] Appellee contends that the filing of said suit, although not prosecuted to a conclusion on its merits but was dismissed, leaving the parties with reference to their respective rights, remedies, and defenses as if no suit had ever been filed, and that, too, notwithstanding it is not claimed by appellee that it sustained any damage or injury or that appellant Stowell received any benefit or advantage on account of such proceedings was an election on the part of appellant Stowell to proceed at law against the said Hughes-O'Rourke Construction Company, and therefore he waived his right to thereafter apply for compensation under the workmen's compensation laws of the state of Texas; in other words, was thereby estopped from prosecuting his claim for compensa-

tion against appellee. If appellee's position in this respect is sustained, it must be perforce of the following provisions of article 5246—47, supra:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this act, but not against both, and if he elects to proceed at law against the, person other than the subscriber, then he shall not be entitled to compensation under the provisions of this act."

For the purpose of disposing of this appeal, we will assume that the injury sustained by appellant Stowell was caused under circumstances creating a legal liability in Hughes-O'Rourke Construction Company to pay damage in respect thereof. Therefore, if the filing of the suit by Stowell against the construction company was an election within the terms of said article 5246—47, so as to deny him the right to compensation under the provisions of the Workmen's Compensation Act, then the judgment of the trial court must be upheld, notwithstanding the other errors complained of.

Was the filing of the suit by Stowell an exercise of his option to proceed at law against the construction company to recover damages? The suit was instituted but not proceeded with further than to have an order entered dismissing same. The words "proceed to recover damages" have a well-defined and accepted legal meaning, and speak in a different language when applied to judicial proceedings as contradistinguished from all other applications. If the language had been "proceed to judgment" in a suit for damages so instituted, we would have a different proposition, for a judgment of dismissal might properly be held to be in full compliance with the requirements of such language, but here we have language that necessarily implies a termination of the proceeding by a judgment rendered on trial of some character, either on the law (on demurer), on the facts, or by compromise settlement terminating the controversy as one that had been proceeded with to a final conclusion to recover damages, and that whether or not a recovery should be had by the complaining party.

The word "proceed" has been defined as follows:

"To carry on some series of actions; set one's self at work and go on in a certain way and for some particular purpose; to begin and carry on a legal action." The Century Dictionary and Encyclopedia.

Therefore, giving proper effect to the pivotal language employed in said article 5246—47, supra, we cannot hold that the filing and the dismissal of said suit amounted to an election of remedies under said article, as thereby Stowell did not "proceed" against the defendant therein to recover damages, in that said action was not prosecuted to any form of judgment based on trial, either on the facts or disposition made on some question of law terminating the right of action on the facts as stated in the petition, or developed on trial on its merits, and especially should we thus hold where it is not shown that appellee sustained any character of damage or injury by reason of such proceedings, or that Stowell received some benefit under his election. In other words, not the slightest element of estoppel existed in this case.

The conclusion reached on this issue is supported by the following authorities: Register v. Carmichael, 169 Ala. 588, 53 South. 799, 34 L. R. A. (N. S.) 309; Rice v. Garrett (Tex. Civ. App.) 194 S. W. 671; Standard Oil Co. v. Hawkins, 74 Fed. 395, 20 C. C. A. 468, 33 L. R. A. 739; Johnson-Brinkman Commission Co. v. Missouri Pac. Ry. Co., 126 Mo. 344, 28 S. W. 870, 26 L. R. A. 840, 47 Am. St. Rep. 675.

We are inclined to the opinion that this case is of that class in which the remedies afforded by law are not inconsistent but are alternative and concurrent. Therefore the suit filed by Stowell, not having been prosecuted to judgment or any advantage gained by him, or any disadvantage suffered by appellee, did not operate as an election so as to work as an estoppel against appellant Stowell. Wood & Henderson v. Claiborne, 82 Ark. 514, 102 S. W. 219, 11 L. R. A. (N. S.) 913, 118 Am. St. Rep. 89; Bernhard v. Idaho Bank & Trust Co., 21 Idaho, 598, 123 Pac. 481, Ann. Cas. 1913E, 120; Mills et al. v. Parkhurst et al., 126 N. Y. 89, 26 N. E. 1041, 13 L. R. A. 472; Walden Nat. Bank v. Burch et al., 130 N. Y. 221, 29 N. E. 127, 14 L. R. A. 211.

No provision of the Workmen's Compensation Act of Texas makes the filing of a claim for compensation an assignment of the common-law cause of action against a third party, or makes the mere filing of a suit against a negligent third party, and not prosecuted further than to have same dismissed, a waiver of the right to thereafter apply for compensation under the workmen's compensation laws of Texas, and we hold that, without such a statute, the filing of the suit by appellant Stowell and the termination of same by the entry of an order of dismissal, was not a waiver or election.

[4, 5] After said release had been offered in evidence, appellant Stowell sought to testify in reference to the execution of same that the $25 recited in said release was a totally inadequate compensation and consideration for his damages and loss, and that said receivers and said railway company were in no wise responsible for the injuries sustained by him, and that immediately after he was injured an agent and representative of said

receivers, whose name was unknown to him, told him that said receivers and said railway company were not responsible for said accident and did not cause said accident, but that said representative had to have a release to turn in to the company, and that said company would give him $25 for a release; that said release was for the damage to his team, wagon, and harness, and was not for any personal injuries he sustained, and that he could recover for his personal injuries from the other people, and that said instrument he was to sign only covered said team, wagon, and harness and not his personal injuries; that he cannot read without glasses; that he was 72 years old and did not have his glasses with him when the alleged release was signed; and that he wholly relied upon the agent of the said receivers of the railway company to fill out the release as agreed upon.

Appellee objected to said testimony on the ground that said receivers of the Texas & Pacific Railway Company were not parties to the suit; that said release, as offered in evidence, could not be set aside or held for naught in said trial; that same was a collateral attack on said instrument; that said testimony was immaterial, irrelevant, and illegal; that it was immaterial whether or not there was any legal liability as to the receivers of the Texas & Pacific Railway Company for said personal injuries and damages to appellant Stowell, and that it was immaterial whether or not the construction company was the sole proximate and negligent cause of the damages and injuries to said appellant Stowell; which objections were sustained by the court, and said testimony not permitted to be adduced before the jury.

The objections urged were not well taken to that part of the evidence sought to be introduced to establish what occurred between appellant Stowell and the agent of the receivers of the Texas & Pacific Railway Company up to and including the actual execution of said release; the same being admissible for the purpose of establishing the real intention of the parties, not to contradict the terms of the instrument, but for the purpose of making same speak the real transaction— that is, the minds of the parties with reference to the language used to express what they in fact had in view to be accomplished by the execution of said release. El Paso & S. R. Co. v. Darr, supra. However, this would not permit the introduction as evidence of the mere opinion or conclusion of the witness; the witness being limited to relating the words, acts, and conduct of the parties to such transaction, leaving the jury free to draw from same the proper conclusion upon which to base its verdict.

The court did not err in refusing to permit appellant Stowell to testify that neither the receivers of the railway company nor its agents operating said passenger train with which his team collided, were guilty of any negligence that caused or contributed to cause the accident, for, to have been permitted to testify in such terms would have been but the conclusion or opinion of the witness and not the facts testified to so as to enable the jury in the discharge of its prerogative to reach a conclusion therefrom; that being solely within the province of the jury and the necessary basis for the rendition of a proper verdict.

[6] However, in this connection, in view of another trial of this case, we deem it advisable to state that it would have been proper for said witness to have detailed all of the facts and circumstances surrounding and connected with the accident, including the collision of his team with and the movements of said passenger train. Such testimony to be considered by the jury in reaching its conclusion on the issue thus presented, to wit, as to whether or not the receivers of said railway company, or their employés, were guilty of negligence that caused, or contributed to cause, the accident which resulted in the injuries sustained by Stowell.

[7] It was not error to refuse to permit appellant Stowell to testify that he would be unable to work, labor, or earn money from the date of the trial for the balance of his natural life on account of the injuries received by him. The evidence objected to called for a conclusion and would, at best, have been the opinion of a nonexpert on the probable duration and effect in the future of the injuries sustained as a result of the accident alleged in the pleadings; it being the province of the jury to reach a conclusion on this issue from facts testified to reflecting the character and extent of the injuries received, the effect same had upon his strength and power of endurance, and the result attending his efforts to perform his usual or any other character of labor, as well as the extent and duration of such impairment.

We do not think the rule applicable to expert testimony by reason of the skill and peculiar fitness of those who have made a scientific study of such questions, to wit, the medical profession, should be extended even to the extent of permitting a nonexpert witness to detail the facts and then give an opinion thereon with reference to what would be the future result, extent, and duration of injuries received.

[8] Appellants earnestly insist that, as the case has been fully developed on the facts, it being clearly established therefrom that appellant Stowell was entitled to recover on account of the injuries received by him, and the trial court, having committed material error requiring reversal of the case, this court should now proceed to render such judgment as the court below should have rendered on the record before us, thus invoking the provisions of article 1626, Complete Texas Statutes 1920, governing judgments to

be rendered by Courts of Civil Appeals on reversing a judgment or decree of the court below.

One of the exceptions contained in said article, to wit, "when * * * the damage to be assessed * * * is uncertain * * * the cause shall be remanded for a new trial in the court below," will require the cause to be remanded, as the only evidence bearing on the damages sustained by appellant Stowell is his unsupported testimony. While same would be sufficient for a jury to base its verdict thereon in favor of appellant Stowell, it is not within the power of this court to assume the prerogative of a jury in passing upon the weight that should be given the testimony of appellant Stowell, which the jury would have the right to do—taking into account his interest in the result of the litigation. Further, the latitude of appellant Stowell's testimony renders the amount of the damage to be assessed uncertain and places this case on this issue in the rule announced in the case of Dallas Hotel Co. v. Newberg (Tex. Civ. App.) 246 S. W. 755; the evidence of appellant Stowell on the amount of his earnings not being free from inconsistency or improbability as to the amount, his testimony in this respect being as follows:

"I have been working for that company five years. I averaged about $40 a week. I ran as high as $50 some weeks and as low as $35 or $30 some weeks, but it averaged about $40 a week during the year I got hurt, but I did not count it by the day. In Dallas, Tex., at the time of the accident and about a year or two before, the use of a wagon was worth 50 cents per day, and a team, $1 per day, and the services of a man hauling gravel in Dallas county at the time of the accident and for a year prior thereto was worth $5 a day. That would be the value of a man's services in that business without a wagon and team."

There was nothing definite as to the amount earned for any given period of time; the word "about" used by the witness in connection with the evidence above stated being sufficient to authorize the jury trying the case to determine the amount of appellant Stowell's earnings from all the facts and circumstances in the case, and that without reference to the amount of his earnings as testified to by him—giving the word "about" the meaning "within the neighborhood of" as applied to the amount stated in his evidence as having been earned by him. This, we think, is sufficient to demonstrate the insufficiency of the evidence to warrant this court to render judgment for appellants and necessarily requires the case to be remanded for another trial.

On account of the errors pointed out, the judgment of the court below is reversed. and the cause remanded, for further proceedings not inconsistent with this opinion.

Reversed and remanded.